Chief Justice
 
 Bayard
 

 charged the jury as follows: — This is an afl tion on the case for compensation to plaintiff for an injury in suifeB ing the escape of a runaway slave. The slave was arrested B
 
 *267
 
 Chase and Maberry on a warrant from a justice of the peace of Kent county. After the arrest and authority given by the justice to Chase to take him to Maryland, these captors had to secure him until the owner could be sent for, and for this purpose they entered into some arrangement between themselves.
 

 Ridgely,
 
 for plaintiff.
 

 Cullen, for defendant.
 

 If Chase and Maberry were jointly interested in the reward and Chase delivered the negro into Maberry’s hands to keep safely, it was a bailment; and Maberry was responsible onlj for ordinary diligence; that is, for' such care as a prudent man would use in reference to his own slave under similar circumstances; but if Chase was induced by any special undertaking or promise of Maberry that he would be responsible for the safe keeping of the negro, to rely upon that undertaking, and to forego any other mode of custody, such as lodging him in the jail, then Maberry would be responsible to the extent of the same kind of security as that furnished by a jail.
 

 Reasonable diligence is that which a prudent man would use in respect of his own property, and depends on the subject of the bailment; a runaway slave for instance requiring closer watch and other means of security than other kinds of property.
 

 As to the extent of the damages; the interest which Chase had in the negro at the time of the bailment, and in respect to which any obligation of safe keeping on the part of Maberry was incurred, was [the amount of the published reward, to wit: $80; and if these captors were jointly and equally interested in that reward; the plaintiff is entitled to recover, even on the idea of a special undertaking, only ¡the half of that sum.
 

 The plaintiff had a verdict for $40 00.